NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2017[*]
Decided April 14, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-1473

| | |
|---|---|
| CRAIG MRAZEK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 12-1415 |
| | |
| MICHAEL PUISIS, et al., | James E. Shadid, |
| *Defendants-Appellees.* | *Chief Judge*. |

**O R D E R**

Craig Mrazek, an Illinois prisoner, appeals the grant of summary judgment to medical and administrative personnel in the Illinois Department of Corrections who, he claims, violated his Eight Amendment rights by refusing for more than a year to treat his narcolepsy condition. The district court ruled that the record did not contain evidence that Mrazek's doctor, Dr. Carla Greby, acted with deliberate indifference or that the other defendants were sufficiently involved in his medical care to be liable

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

under 42 U.S.C. § 1983. On appeal Mrazek challenges the district court's ruling with regard to Dr. Greby by contending that she ignored his condition. Because Dr. Greby provided treatment that did not violate professional medical standards, we affirm the judgment.

Mrazek arrived at the Illinois River Correctional Center in 2011 and reported to Dr. Greby, the prison's medical director employed by Wexford Health Sources, Inc., that he suffered from narcolepsy (a disorder that causes excessive sleepiness) with cataplexy (an uncontrollable loss of muscle tone caused by strong emotion). Mrazek described his condition as creating episodes in which he loses consciousness for a period of time and then wakes up feeling "groggy," like he "had a deep sleep."

For his condition, Mrazek requested two prescriptions that he had taken roughly two years before entering the prison: Adderall, a central-nervous-system stimulant that, he said, would help him remain awake during the day; and Xyrem, a central-nervous-system depressant that he wanted to use as a sleep aid. Dr. Greby discussed the request with another prison doctor and denied it. Adderall, she declared, is "a Schedule II controlled substance due to its potential for abuse and dependence," and Xyrem is a Schedule III controlled substance "susceptible to abuse and misuse." Not only did the risks of these drugs outweigh their potential benefits, she determined, but Mrazek also had no "documented reports of episodes of narcolepsy or cataplexy." And because Mrazek was imprisoned and did not operate machinery or drive, the risk of injury posed by his condition was, in her view, "minimized." Nevertheless, to reduce the possibility of any incident, Dr. Greby gave him low-bunk and low-gallery permits, filled out a work-restriction permit, and directed him to a clinic to monitor his condition.

Mrazek says that he fell eight times during the next two years and sustained a number of minor injuries. He says that he suffered a scrape on his back, a swollen knuckle, a swollen finger, and a broken tooth, but he reported only the first two injuries to the prison's Health Care Unit. Between Mrazek's second and sixth falls, Dr. Greby met with him twice and determined at both appointments that his condition was "stable." After making this determination at the second appointment, she ended the clinic's oversight of his condition.

Mrazek brought this suit, asserting that Dr. Greby and various prison personnel were deliberately indifferent to his narcolepsy and cataplexy. He contended that the defendants disregarded his condition by not providing him any medical care (he said

that monitoring, without more, was not treatment) and by withholding Adderall and Xyrem, which he says would have treated his condition.

The district court granted the defendants summary judgment because the record showed that they were not deliberately indifferent to Mrazek's condition. There was no evidence, the court determined, that Dr. Greby's decision to monitor his condition substantially departed from professional medical standards. Dr. Greby, the court explained, denied him the requested prescriptions based on her evaluation of the drugs' potential benefits and risks. And the court decided that none of his reported injuries created "a substantial risk of harm due to his medical condition." As for the other defendants, the court determined that the record did not contain evidence that they were directly involved in his medical care and therefore could not be held liable under 42 U.S.C. § 1983.

On appeal Mrazek maintains that Dr. Greby exhibited deliberate indifference to his condition by not providing him any medical treatment for his condition. Dr. Greby, he asserts, in effect disregarded his condition by merely monitoring it and improperly withheld Adderall and Xyrem in order to save the prison money. The district court wrongly granted summary judgment to Dr. Louis Shicker, Medical Director of the Illinois Department of Corrections, he adds, because an email in the record shows that Dr. Shicker "was directly involved in interfering [with] Plaintiff's treatment."

We agree with the district court that Mrazek's deliberate indifference claim does not raise a triable question. He has not pointed to any evidence in the record suggesting that Dr. Greby's treatment—monitoring his condition instead of prescribing Adderall and Xyrem—was "blatantly inappropriate" or otherwise violated professional medical standards. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (internal citation and quotation marks omitted). His belief that Dr. Greby's treatment did not effectively address his condition does not establish an Eighth Amendment violation. *See id.* Finally, with regard to the grant of summary judgment to Dr. Shicker, we cannot consider Mrazek's argument because he has not introduced into the record the email in question or any evidence suggesting that Dr. Shicker was directly involved in his medical care. *See Matz v. Klotka*, 769 F.3d 517, 530 (7th Cir. 2014).

We have considered Mrazek's other claims, and none have merit.

AFFIRMED.